UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIPOLYMER, INC.,

    Plaintiff,

v.

FDI ENTERPRISES, INC., et al.,

    Defendants.
_____/

Civil Action No. 17-12236

HONORABLE DENISE PAGE HOOD

## ORDER DENYING PLAINTIFF'S MOTION TO CORRECT DOCKET ENTRIES [#43] AND GRANTING DEFENDANTS' MOTION TO VACATE/MOOT CLERK'S ENTRY OF DEFAULT [#37]

This matter is before the Court on Plaintiff Tripolymer, Inc's ("Tripolymer") Motion to Correct/Amend Docket Entries (Doc # 43) pursuant to CM/ECF Rules and Proc. R14. ("If a paper is filed in error, the filing user must seek appropriate relief from the Court.").

On October 26, 2017, Plaintiff's counsel filed three Waivers of Service. (Doc. Nos. 20, 21, 22) Plaintiff seeks to correct docket entries nos. 20, 21, and 22 to reflect that the Answers were due on September 13, 2017, instead of the date Plaintiff's counsel entered in each of these docket entries, October 23, 2017. Plaintiff asserts that because these defendants were served with the Summons, Complaint and Waiver of Service on July 13, 2017, the Answers due should have reflected the date

1

of September 13, 2017, pursuant to Fed. R. Civ. P. 4(d)(3). ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent.") Plaintiff asserts that "the docket incorrectly calendared the answers as being due 60 days from the date of the *signing* of the waivers, not the date on the waivers themselves in accordance with FR Civ P 4." (Motion, Doc. No. 43, Pg 4) (italics added)

In docket entry no. 20, Plaintiff's counsel noted, "WAIVER OF SERVICE Returned Executed. Walter Hasselman, Jr. waiver sent on 8/24/2017, answer due 10/23/2017." The actual filed document indicates that Walter J. Hasselman, Jr. signed the waiver of service on 8/24/2017. (Doc. No. 20, Pg ID #s 265, 268)

Plaintiff's counsel noted in docket entry no. 21, "WAIVER OF SERVICE Returned Executed. Clare Reinbergen waiver sent on 8/24/2017, answer due 10/23/2017." However, the actual filed document appears to be two more copies of the waiver of service signed by Walter J. Hasselman, Jr. on August 24, 2017. (Doc. No. 21, Pg ID #s 273, 276)

In docket entry no. 22, Plaintiff's counsel filed a second waiver of service as to Clare Reinbergen, noting, "WAIVER OF SERVICE Returned Executed. Clare Reinbergen waiver sent on 7/31/2017, answer due 10/23/2017." The actual filed document indicates that Clare Reinbergen signed the waiver of service on August 24,

2

2017. (Doc. No. 22, Pg ID 279)

Fed. R. Civ. P. 4, Adv. Comm. Notes, 1993 Amendment, provides:

> [T]ransmission of the notice and waiver forms is a private nonjudicial act, [which] does not purport to effect service [since no] summons or directive from the court [are included]. . . . [The] receipt of the request under [Rule 4 for waiver of service] does not give rise to any obligation [by the proposed defendant] to answer the lawsuit, does not provide a basis for default judgment . . . . Paragraph (3) extends the time for answer if, before being served with process, the defendant waives formal service. The extension is intended to serve as an inducement to waive service and to assure that a defendant will not gain any delay be declining to waive service and thereby causing the additional time needed to effect service. By waiving service, a defendant is not called upon to respond to the complaint until 60 days from the date the notice was sent to it--90 days if the notice was sent to a foreign country--rather than within the 20 day period from date of service specified in Rule 12. Paragraph (4) clarifies the effective date of service when service is waived; the provision is needed to resolve an issue arising when applicable law requires service of process to toll the statute of limitations.

Some plaintiffs, not reading the rule carefully, supposed that receipt of the mailed complaint by defendant had the effect of establishing both the jurisdiction of the court over the defendant's person, and of tolling the statute of limitations in actions in which service of the summons is required to toll the limitations period. The revised rule is clear that, if the waiver is not returned and filed, the limitations period under such a law is not tolled and the action will not otherwise proceed until formal service of process is affected.

Rule 4(d) permits a plaintiff to notify a defendant of the commencement of an

action, and request waiver of service of the summons and complaint. Rule 4(d) outlines particular requirements to effect waiver of service, including the filing of the executed waiver of service with the court. *See* Fed. R. Civ. P. 4(d)(4). It is plaintiff's duty to file the waiver of service. *Id.* Without proper service, the court cannot exercise jurisdiction over the defendant. *See, e.g., Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980) (affirming district court conclusion that it could not exercise personal jurisdiction against defendant because he was not personally served).

When the plaintiff *files* the waiver of service, Rule 4(d)(4) requires that the court consider the summons and complaint to have been served "at the time of *filing* the waiver." As such, the 60-day period to respond runs from the date of filing the waiver of service. *See Holt v. MacArthur,* 2011 WL 6934443 at *2 (S.D. Cal. Dec. 29, 2011).

In this case, it was Plaintiff (not the Court) who filed the waivers of service (Doc. Nos. 20, 21, 22) and entered the notes on when the waivers were sent, and when the answers were due. Because the waivers of service and the filing of such were not judicial acts, but acts by the parties, the Court will not change the entries Plaintiff entered as to when the waivers were sent or when the answers were due. As noted by Rule 4(d)(4), the Court is required to consider the summons and complaint to have been served "at the time of *filing* the waiver." Fed. R. Civ. P. 4(d)(4).

Based on Rule 4(d)(4), the Defendants who signed waivers of service in Doc.

4

Nos. 20, 21, and 22, had 60 days from the *filing* of the waivers to file an Answer. Accordingly, the Clerk's Entries of Default as to C.P. Chemical, Inc., Clare Reinbergen and Walter Hasselman, Jr. (Doc. Nos. 26, 27, 28) were prematurely entered. Pursuant to Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause" or under Rule 60(b). The Clerk's Entries of Default as to these Defendants must be set aside.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend/Correct Waivers of Service (Doc. No. 43) is DENIED.

IT IS FRUTHER ORDERED that Defendants' Motion to Vacate/Moot the Clerk's Entries of Default (Doc. No. 37) is GRANTED. The Clerk's Entries of Default (Doc. Nos. 26, 27, 28) are SET ASIDE.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager