## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRIPOLYMER, INC.,

       Plaintiff,

                                   Civil Action No. 17-12236

v.

                                   HONORABLE DENISE PAGE HOOD

FDI ENTERPRISES, INC., et al.,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#32] AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#49]

## I.    BACKGROUND

### A. Procedural Background

On July 7, 2017, Plaintiff Tripolymer, Inc. ("Tripolymer") brought this action against Defendants FDI Enterprises, Inc. ("FDI"), USA Enterprises, Inc. ("USA Enterprises"), C.P. Chemical, Inc. ("CP"), Phillip Pitrone, Patrick Pitrone, Walter Hasselman, Jr. ("Hasselman"), Clare Reinbergen ("Reinbergen"), Aaron Jais ("Jais"), CFI Foam, Inc. ("CFI Foam"), Richard Porter ("Porter"), and Robert Sullivan ("Sullivan"). (Doc # 1) On October 16, 2017, CFI Foam, Porter, and Sullivan were dismissed. (Doc # 11) On October 20, 2017, Tripolymer filed an Amended Complaint. (Doc # 17)

Tripolymer alleges the following claims against Defendants: Breach of Contract and Disparagement (Count I), Unlawful Collusion, Unfair Competition, and Price-Fixing (Count II), Tortious Interference (Count III), Intentional Interference with Prospective Economic Relations (Count IV), and Trademark Infringement (Count V). Tripolymer seeks declaratory relief in the form of: (1) a declaration that its use of the Tripolymer name does not constitute trademark infringement and unfair competition under common law (Count VI); (2) a declaration that Tripolymer's rights were abandoned by Defendants (Count VII); (3) a declaration that any rights to enforce the Tripolymer trademark have been waived (Count VIII); (4) cancelation of federal registration for Tripolymer and cancellation of registration (IX); and (5) other injunctive relief (Count X). Tripolymer also demands compensatory and punitive damages as well as attorney's fees.

This matter is before the Court on Defendants USA Enterprises, FDI, Phillip Pitrone, Patrick Pitrone, and Aaron Jais's (collectively, "Defendants") Motion to Dismiss the Complaint for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), improper venue (Fed. R. Civ. P. 12(b)(3)), and for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)) (Doc # 32). Tripolymer filed a Response on December 4, 2017. (Doc # 41) Defendants filed a Reply on

December 18, 2017.  (Doc # 48)  A hearing on the Motion to Dismiss (Doc # 32) was held on January 10, 2018.

Tripolymer also filed a Motion to File a Second Amended Complaint on January 18, 2018.  (Doc # 49)  Defendants USA Enterprises, FDI, Phillip Pitrone, Patrick Pitrone, and Aaron Jais filed a Respone on February 1, 2018.  (Doc # 51) Tripolymer filed a Reply on February 8, 2018.  (Doc # 53)

### B. Factual Background

The Parties to this action are in the block fill insulation and home foam business.  In 2002, Walter Hasselman, the head of CP, approached Michael Green, the President of Tripolymer, about an exclusive distributorship for Tripolymer's residential foam insulation product throughout the United States.  In 2004, Green and CP entered a contract that would make Green the exclusive U.S. distributor for the residential foam insulation product.  Green formed Tripolymer in reliance on the 2004 contract.  Tripolymer is a Florida Corporation authorized to do business in other states, including Michigan.

In or around 2008, CP allowed Defendant USA Enterprises to distribute and use the product it allegedly gave Tripolymer exclusive rights to distribute.  USA Enterprises is an Ohio corporation with its principal place of business in Ohio.  FDI is an Ohio corporation with its principal place of business in Ohio.  Patrick and Phillip Pitrone own USA Enterprises, FDI, and non-party USA Insulation Franchise

Corp. ("UIFC"). UIFC is located in Ohio, and is an affiliate of USA Enterprises, with which it shares corporate officers. Patrick and Phillip Pitrone are residents of Ohio.

Despite CP's alleged breach of contract, Tripolymer decided against bringing legal action against CP, seeking to preserve its financial interests in its business relationship with CP. At some point, Tripolymer and Defendants FDI discussed a potential joint purchase of CP. Tripolymer alleges that "some" meetings on the potential purchase took place within Michigan (Doc # 41, Pg ID 563) Patrick Pitrone provided a sworn affidavit stating that one meeting between Patrick Pitrone and Michael Green of Tripolymer took place in Michigan during 2012, but no transaction arose from the meeting (Doc # 32-2, Pg. 5).

Tripolymer alleges, at some point within the last two or three years, Defendants USA Enterprises and FDI induced CP to breach its contract with Tripolymer. (Doc # 41, Pg ID 563) According to Tripolymer, during 2016, Tripolymer received notice from USA Enterprises that all orders for the Tripolymer product would be processed exclusively by FDI, instead of CP. FDI then notified Tripolymer that the cost of the Tripolymer product was increased by 35% and orders would now require a 50% deposit. (*Id.*)

Tripolymer alleges Defendants then took a series of actions intentionally to harm Tripolymer. FDI began to notify Tripolymer's clients that it had purportedly

purchased all of the rights, title, and interest in CP's business. From July 2016 to October 2016, FDI sold and delivered CP products to Tripolymer at high prices. During October 2016, FDI began refusing to supply Tripolymer with any of CP's products. (*Id.* at 206-07) Tripolymer alleges that Aaron Jais, an alleged shareholder in USA Enterprises and FDI, assisted his co-Defendants in informing Tripolymer's dealers of the purported purchase of CP, and of Tripolymer's struggles. (*Id.* at 211) Jais is an Ohio resident.

Finally, Tripolymer alleges Defendants started expanding the number of FDI and USA Enterprises franchises for the foam insulation business after it stopped supplying Tripolymer with CP products. Tripolymer alleges that Defendants have franchises for the foam insulation business throughout Michigan, in places such as Detroit, Flint, Ann Arbor, Warren, Sterling Heights, Ypsilanti, Dearborn, Rochester, and Auburn Hills. (*Id.* at 207)

For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff Tripolymer's Motion to File a Second Amended Complaint is **DENIED**.

## II.    ANALYSIS

### A. Standards of Review

#### 1. *Rule 12(b)(2)*

Plaintiff bears "the burden of establishing the district court's personal jurisdiction" over the Defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). As there has been no evidentiary hearing on the matter, the court will "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991). Granting a motion to dismiss is only proper "if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *Id.* (emphasis in original).

General jurisdiction over a defendant can be established (1) where the defendants is domiciled, (2) if the defendant has been served in the jurisdiction, (3) if the events creating the cause of action took place in the jurisdiction, (4) the defendant maintains continuous and systematic contacts within the jurisdiction. *See Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940) (establishing personal jurisdiction over defendant domiciled within jurisdiction); *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 611 (1990) (establishing personal jurisdiction over defendant receiving personal service within the jurisdiction);

*Aristech Chemical Intern Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627-28 (6th Cir. 1998) (establishing jurisdiction based on defendants contacts within forum state and defendant's contacts within forum give rise to the cause of action). General jurisdiction over a corporation is satisfied if the corporation defendant's contacts within that forum are "so constant and pervasive as to render it essentially at home." *Diamler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (citations omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* at 760. Alternatively, personal jurisdiction can be satisfied through specific jurisdiction. Specific jurisdiction "grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012) (citation omitted).

A federal court in a diversity case must apply the law of the forum state to determine whether it can exercise specific jurisdiction over a nonresident. *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir.1989). Once personal jurisdiction under a state's long-arm statute is satisfied, a court must evaluate whether the exercise of jurisdiction is proper under the Due Process Clause of the Fourteenth Amendment. *Id.* The inquiry focuses on whether a defendant has established such "minimum contacts" in the forum state "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Contacts must be "such that [the defendant] should reasonably anticipate" being taken to court in the forum state.  *World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Whether a defendant's claim arises out of contacts in the forum is determined applying three criteria.  *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).  First, the defendant must "purposefully avail himself of the privilege of acting in the forum state . . . ."  *Id.*  Second, the "cause of action must arise from the defendant's activities there."  *Id.*  Third, the acts of the defendant must demonstrate a "substantial enough connection with the forum state . . . ."  *Id.*

### 2. *Rule 12(b)(3)*

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss based on improper venue.  "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002).  A dismissal for improper venue may be based on Rule 12(b)(3), but the requirements for what is a proper venue are established by 28 U.S.C. § 1391(b).  *Kerobo v. Southwestern Clean Fuels*, *Corp.*, 285 F.3d 531, 538 (6th Cir. 2002).  The statute reads:

> (b) Venue in general.--A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If venue is found to be improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

### 3. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## B. Rule 12 (b) Motions

### 1. *Personal Jurisdiction*

Defendants argue that Tripolymer cannot establish personal jurisdiction over the individual Defendants or the Corporate Defendants in this action because none of the Defendants are at home in Michigan and Tripolymer cannot establish specific jurisdiction over any of the Defendants. Tripolymer argues only that this Court has specific jurisdiction over Defendants based on their business activities and contracting within Michigan.

Michigan law recognizes two bases for personal jurisdiction, general and specific. Tripolymer's arguments are predicated on specific jurisdiction, or Michigan's long-arm statute.

**a.** ***Personal Jurisdiction over Individual Defendants***

Mich. Comp. Laws § 600.705, Michigan's long-arm statute for the exercise of specific personal jurisdiction over individuals states:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a martial or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Viewing the facts in the light most favorable to Tripolymer, Phillip and Patrick Pitrone's contacts within Michigan do not satisfy the requirements of the

long arm statute.  In the present Motion before the Court, Defendants concede that

Patrick and Phillip Pitrone own UIFC, a corporation that is the franchisor to a

corporation located in Auburn Hills, Michigan.  UIFC, however, is not a party to

this suit.  UIFC is not a Michigan corporation.  There has been no evidence

presented to suggest that Phillip or Partick Pitrone were involved in conduct on

behalf of UIFC that gave rise to this cause of action.

Tripolymer contends that Defendants have taken "some" trips to Michigan to

negotiate transactions.  (Doc # 41, Pg ID 563)  Defendants concede that Patrick

Pitrone traveled to Michigan one time to discuss a potential acquisition of CP with

Tripolymer.  Tripolymer has not provided evidence that another meeting occurred

between Tripolymer and the Defendants in Michigan.  Tripolymer does not assert

that any contract or transaction occurred as a result of a meeting in Michigan

between Tripolymer and Defendants.

The Defendants concede that Patrick and Phillip Pitrone contract with

companies doing business within Michigan, and have continuous business with

companies in Michigan.  Finally, the business they conduct in Michigan is directly

related to the block fill insulation and home foam business.  That business, however,

is conducted through UIFC, not the named defendants in this case.  The alleged

conduct giving rise to this action neither occurred in Michigan nor did it occur on

behalf of UIFC.  This court cannot exercise personal jurisdiction over Phillip and

Patrick Pitrone based on their ownership of UIFC alone. In addition, a single meeting, absent some transaction or contract arising from that meeting, is insufficient to satisfy the requirements of Michigan's statute controlling the exercise of personal jurisdiction. *Cf. Flint Ink Corp. v. Brower*, 845 F. Supp. 404, 409 (E.D. Mich. 1994) ("The negotiations entailed her traveling on one occasion to Michigan. The court finds that by traveling out of her state . . . defendant reached out beyond her resident state [and entered contracts]. . . to create a continuing relationship with plaintiff, a citizen of Michigan.").

Taking the facts alleged by Tripolymer as true, the Court finds it does not have personal jurisdiction over Phillip and Patrick Pitrone.

In addition, the Court cannot exercise jurisdiction over Aaron Jais. First, based on the facts alleged, Jais's role within the USA Enterprises or FDI organization is not clear. Second, there has been no facts presented to show that Jais is directly connected to any entity currently doing business in Michigan. Jais is not subject to Michigan's long arm statute based on the facts alleged. There have been no facts alleged that Jais has purposely availed himself of Michigan.

The Court finds it does not have personal jurisdiction over Defendant Aaron Jais.

## b. *Personal Jurisdiction over Defendant Corporations*

Mich. Comp. Laws § 600.715, Michigan's long-arm statute for the exercise of specific personal jurisdiction over corporations states:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Defendants USA Enterprises and FDI's contacts with Michigan are not sufficient to satisfy the long-arm statute. Tripolymer has alleged that USA Enterprises and FDI have ongoing relationships with companies that do business in Michigan, franchises throughout the state, and an affiliate corporation. Neither FDI nor USA Enterprises have business interests in a Michigan corporation, and neither contracts with franchises doing business within the state.

Defendants argue that the corporations' contacts with Michigan are limited to dealing with companies that subsequently take their products to Michigan. Tripolymer alleges it has been directly harmed by Defendants' expansion of

franchises, and lists several locations where those franchises exist in Michigan. The Supreme Court has noted that "[j]urisdiction . . . may not be avoided merely because the defendant did not *physically* enter the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). As long "as a commercial actor's efforts are 'purposefully direct' toward . . . another State . . . we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.* (citations omitted). Tripolymer's assertion is unsupported. UIFC is the franchisor for businesses in Michigan, not USA Enterprises nor FDI.

In its Response to the present Motion, Tripolymer attempts to avert the lack of personal jurisdiction by arguing that UIFC is an affiliate of USA Enterprises, which effectively makes UIFC a subsidiary of USA Enterprises. (Doc # 41, Pg ID 18-19) Tripolymer argues that this Court has jurisdiction over USA Enterprises because UIFC is its subsidiary. *Id.*

Tripolymer is incorrect. Under Michigan law, absent abuse of the corporate form, parent and subsidiary corporations are separate and distinct entities. *Helzer v. F. Joseph Lamb Co.*, 171 Mich.App. 6, 9, 429 N.W.2d 835 (1988). The presumption is referred to as the "corporate veil," and it may only be pierced where an otherwise separate corporate entity is used to subvert justice or cause a result contrary to an established overriding principal of public policy. *Id.* First, UIFC is not a party to this action. Second, Tripolymer has not attempted to provide facts

which point to an injustice, nor identified any public policy to allow a piercing of the corporate veil to hold UIFC liable. The Court does not have personal jurisdiction over USA Enterprises and FDI.

Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

## 2. *Venue*

A dismissal for improper venue may be based on Rule 12(b)(3), but the requirements for what is a proper venue are established by 28 U.S.C. § 1391(b). *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). A civil action may be brought (1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or, (3) where neither of these elements are satisfied, in another district in which an action may otherwise be brought as provided in the section. 28 U.S.C. § 1391(b). If venue is found to be improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants argue that the case should be transferred to the Southern District of New York based on a forum selection clause between the Defendant corporations and CP, but that contract is irrelevant. This action was brought by Tripolymer, not

CP, who is a co-Defendant. Plaintiff's choice of venue is given deference. *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 291 (S.D. Ohio 2008).

None of the Defendants in this case are Michigan residents. A substantial number of the events leading up to the Complaint occurred in various locations, some of them in Michigan. Venue is proper in the Eastern District of Michigan.

Section "1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980). "In situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims." *Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 908 (N.D. Ohio 2005). The Court cannot exercise personal jurisdiction over Phillip Pitrone, Patrick Pitrone, FDI, nor USA Enterprises, or Aaron Jais based on the facts alleged. The Defendants who brought the present Motion to Dismiss are dismissed from this action, but Defendants CP, Hasselman, and Reinbergen remain parties in this litigation.

Defendants' Motion to Dismiss for improper venue is **DENIED**.

### 3. *Failure to State a Claim*

Defendant argues that Tripolymer's antitrust claims should be dismissed because it has not alleged that Tripolymer has suffered an antitrust injury. (Doc # 32, Pg ID 397) Tripolymer responds that it has sufficiently alleged antitrust injury. (Doc # 41, Pg ID 576) Tripolymer alleges three antitrust violations against Defendants: Unfair Competition, Price Fixing, and Unlawful Collusion. Tripolymer has failed to state a claim for any of its antitrust claims.

Tripolymer alleges unfair competition under 15 U.S.C. § 1125(a), a claim under §43(a) of the Lanham Act. "The Lanham Act was intended to make actionable the deceptive and misleading use of [trade]marks and to protect persons engaged in . . . commerce against unfair competition." *Best v. AT & T Mobility, LLC*, No. 1:12-CV-564, 2015 WL 1125539, at *5 (S.D. Ohio Mar. 12, 2015) (quotations and citations omitted). The key question is whether the defendant's actions create a likelihood of confusion regarding the origin of the good or service in question. *Id.* Unfair competition happens when "on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion . . . ." 15 U.S.C. § 1125(a)(1)(A).

Tripolymer specifically alleges that USA Enterprises and FDI have been using Tripolymer's trade name when making transactions, and such acts are likely to cause confusion. Tripolymer has not, however, addressed the fact that the product sold by both FDI and Tripolymer alike is named tripolymer (also referred to as "G7"). In addition, Tripolymer has not provided any additional facts to support its conclusory statements.

The Court finds that Tripolymer has failed to properly allege an unfair competition claim under 15 U.S.C. § 1125(a).

Tripolymer also alleges antitrust claims against USA Enterprises and FDI for unlawful collusion and price fixing. These claims are insufficient, however, because Tripolymer has not alleged nor provided any facts that Defendants have harmed the market or otherwise restrained trade. The Sixth Circuit has held:

> "[T]he antitrust plaintiff 'must show (1) that the alleged violation tends to reduce competition in some market and (2) that the plaintiff's injury would result from a decrease in that competition rather than from some other consequence of the defendant's actions."

*Tennessean Truckstop, Inc. v. NTS, Inc.*, 875 F.2d 86, 88 (6th Cir. 1989).

Although a claim of price fixing can constitute a *per se* anticompetitive violation, Tripolymer has not provided any evidence or allegations to support the price fixing claim. Tripolymer's antitrust claims are based entirely upon the damage Tripolymer has allegedly suffered as a result of USA Enterprises and FDI's

actions.  Financial harm to an individual plaintiff, standing alone, does not provide a basis for antitrust claims.

Defendant's Motion to Dismiss Tripolymer's antitrust claims (Count II) against USA Enterprises and FDI for failure to state a claim is **GRANTED**.

The Court need not consider Tripolymer's claim for proper venue under 15 U.S.C. § 22, the nationwide venue and service statute for antitrust claims brought against corporations.  Tripolymer has failed to properly state its antitrust claims.

### C. Motion to File Second Amended Complaint

Tripolymer requests leave to file a second amended complaint adding UIFC pursuant to Fed. R. Civ. P. 15(a)(2).  Tripolymer argues this Court should grant Tripolymer leave to add UIFC as a defendant in this action because the relationship between USA Enterprises and UIFC was unknown prior to the January 10, 2018 hearing, and none of the Defendants will be prejudiced by UIFC being added as a party.  (Doc # 49, Pg ID 729)  Defendants argue Tripolymer's proposed amendment seeks to substitute one fatal problem for another: Tripolymer recognizes its inability to establish personal jurisdiction over Defendants in the present Motion to Dismiss, and now seeks to add UIFC, a corporation that has sufficient contacts with the state of Michigan that did not give rise to Tripolymer's present suit before this Court.

Federal Rule of Civil Procedure 15 states in part:

**(a)  Amendments Before Trial.**

(1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Tripolymer argues that UIFC should be added is a defendant in this action, pursuant to Fed. R. Civ. P. 20(a)(2), to join all necessary parties to this litigation, "establish additional grounds for jurisdiction, and further establish Defendants' liability." (Doc # 49, Pg ID 728) In the Proposed Amended Complaint (Doc # 49-1), Tripolymer merely adds UIFC as a party, and presents the same facts, claims and allegations.

In support of its Response, Defendants provided an affidavit from Patrick Pitrone (Doc # 51-1), stating that UIFC has not sold the tripolymer product (reffered to as "G7") to any of its franchises. The affidavit also states that sales between FDI and Michigan franchises of UIFC are for a product called "S1" or "Premium Foam Insulation," not the tripolymer product ("G7"). (Doc # 51, Pg ID 771) This action concerns Defendants manufacture and sale of the tripolymer product.

Federal Rule of Civil Procedure 15(a)(2) states that courts are to give leave to amend "freely" when "justice so requires." Leave to amend may be denied when the proposed amendment is futile. *See Carpenter v. Monroe Fin. Recovery Grp.*,

LLC, 119 F. Supp. 3d 623, 627 (E.D. Mich. 2015) ("A court may deny a motion for leave to amend when the proposed amendment would be futile."); *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir.1986) ("[I]t is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss."). Tripolymer's attempt to add UIFC to this action is futile because there are not facts alleged against UIFC specifically that would withstand a motion to dismiss. *See Carpenter*, 119 F. Supp. 3d at 627 (E.D. Mich. 2015) ("If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend . . . .").

Tripolymer's Motion for Leave to file a Second Amended Complaint is **DENIED**.

## III.    CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) against Defendants Aaron Jais, USA Enterprises, FDI, Phillip Pitrone, and Patrick Pitrone (Doc # 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (Doc # 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff Tripolymer's antitrust claims for Unfair Competition, Unlawful Collusion, and Price Fixing (Count II) pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Aaron Jais, USA Enterprises, FDI, Phillip Pitrone, and Patrick Pitrone are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff Tripolymer's Motion to File a Second Amended Complaint (Doc # 49) is **DENIED**.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 17, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager